THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DENISE R. HARRIS, Defendant-Appellant.

Fourth District   No. 4—91—0151

Opinion filed October 9, 1991.

Daniel D. Yuhas and Lori L. Mosby, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Defendant Denise Harris, on trial for first-degree murder (Ill. Rev. Stat. 1989, ch. 38, pars. 9—1(a)(1), (a)(2)), was convicted by a jury in the circuit court of Champaign County of the offense of involuntary manslaughter (Ill. Rev. Stat. 1989, ch. 38, par. 9—3(a)) in connection with the death of her seven-month-old daughter, Tiffany Roundtree. Tiffany drowned after defendant left her unattended in the bathtub. Defendant appeals, contending reversible error took place when evidence of a prior bathtub accident involving Tiffany and defendant was admitted.

We need not go into great detail about the facts surrounding this sad and tragic case. Defendant was 18 years of age at the time of the incident. She has been in special education classes since fourth grade, with a reading comprehension at fourth- or fifth-grade level, and her intelligence quotient is below average. According to her testimony on the day of the drowning, she filled the bathtub half full of water, placed a baby tub in the bathtub, and sat Tiffany in the baby tub. Defendant left Tiffany in the tub and returned about 10 minutes later to find her facedown in the water. Her attempts at resuscitation were unsuccessful. Not wanting to upset her mother and other members of the family, she dressed Tiffany and took her eight-tenths of a mile to her aunt's home. Her aunt called emergency telephone No. 911 for assistance, and that assistance was also unsuccessful in resuscitation. Over objection, defendant's brother testified regarding a similar acci-

dent approximately two weeks earlier, which involved defendant's successful resuscitation of Tiffany.

The bizarre circumstances led to the first-degree murder charges. However, the jury was also instructed as to the offense of involuntary manslaughter as follows:

> "A person commits the offense of involuntary manslaughter when she unintentionally causes the death of an individual by acts which are performed recklessly and are likely to cause death or great bodily harm to another."

■ Citing *People v. Stewart* (1984), 105 Ill. 2d 22, 62, 473 N.E.2d 840, 860, counsel for defendant argues that "[w]hen such evidence [of other crimes] is offered, it is incumbent upon the trial judge to weigh the relevance of the evidence to establish the purpose for which it is offered against the prejudicial effect." We agree that when the probative value of the evidence is far outweighed by the prejudicial impact, the admission of the evidence calls for reversal. (*People v. Mikyska* (1989), 179 Ill. App. 3d 795, 805-06, 534 N.E.2d 1348, 1355.) However, in the present case, the prior event was not necessarily a criminal act (possibly an accident), and it is important evidence relating to defendant's knowledge of danger inherent in leaving a baby unattended in bath water.

■■ ■ The term "recklessly," which is used in the involuntary manslaughter instruction, means heedless or careless. If defendant had been unaware of the danger to Tiffany, then it would be difficult to find her heedless or careless. While such an issue might not be present when dealing with one of average intelligence, we must take the present defendant as we find her, with less than average abilities. Indeed, evidence regarding counseling was introduced and was relevant for the purpose of determining the extent of defendant's knowledge. Likewise, a prior, scary, like-kind experience was admissible so that the fact finder could make a determination of whether the conduct was reckless.

We hold the value of evidence of prior events was substantial and relevant, outweighing the prejudicial effect.

Affirmed.

GREEN and KNECHT, JJ., concur.